UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THE ESTATE OF KENNETH R. BROWN, individually and on behalf of a class of similarly-situated Washington residents,

Plaintiff,

v.

CONSUMER LAW ASSOCIATES, LLC, et al.,

Defendants.

NO: 11-CV-0194-TOR

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

BEFORE THE COURT is Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 210). This matter was heard with oral argument on May 23, 2013. Matthew J. Zuchetto appeared on behalf of the Plaintiff. Christopher N. Weiss appeared on behalf of Defendants Consumer Law Associates, LLC, Jimmy B. Persels and Neil J. Ruther. Leslie R. Weatherhead and Geana Van Dessel appeared on behalf of Defendants EFA Processing, L.P. and DR

Options, LLC. The Court has reviewed the motion, the record and files herein, and is fully informed.

DISCUSSION

**A. Motion to Substitute**

Plaintiff seeks to substitute the Estate of Kenneth R. Brown as a party for named class representative Kenneth R. Brown, who passed away on May 1, 2013. Motions for substitution are governed by Federal Rule of Civil Procedure 25. Rule 25(a) provides that a court may substitute a proper party in interest for a deceased party whose death has been noted on the record, provided that the party seeking substitution has served (1) its motion to substitute, and (2) a statement noting the death on the record, upon the existing parties and the non-party to be substituted. Fed. R. Civ. P. 25(a)(3). *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (motion to substitute and suggestion of death must be served upon non-party successors or representatives of the deceased party).

The Court finds that the requirements of Rule 25(a) have been satisfied. The Court also finds that substitution of Mr. Brown's estate will not prejudice Defendants and does not give rise to a conflict of interest with other members of the class. *See In re Indep. Gasoline Antitrust Litig.*, 79 F.R.D. 552, 557 (D. Md. 1978) (allowing administrator of named plaintiff's estate to be substituted as class representative where no conflict of interest existed between administrator and

remaining class members). Accordingly, the motion to substitute is granted, and the Estate of Kenneth R. Brown is substituted as the named class representative.

**B. Approval of Class Action Settlement**

Approval of a proposed class action settlement is governed by Federal Rule of Civil Procedure 23(e). Under Rule 23(e), approval of a proposed settlement "must be accompanied by a finding that the settlement is 'fair, reasonable, and adequate.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)). In determining whether a settlement meets this requirement, a court must "evaluate the fairness of a settlement as a whole, rather than assessing its individual components." *Id.* at 818-19. "Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is fair, adequate, and free from collusion." *Id.* at 819 (quotation and citation omitted).

There are several factors relevant to assessing the fairness, adequacy and reasonableness of a class action settlement under Rule 23(e). These factors, which are commonly referred to as the "*Hanlon* factors," are as follows:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). These factors are not exclusive. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). The court may also consider, *inter alia*, (1) whether an arbitrator or mediator assisted in facilitating the settlement; (2) a settling party's ability to satisfy its financial obligations under the settlement agreement as compared to its ability to pay a potential judgment; (3) the reasonableness of any provisions for an award of attorney's fees; and (4) the fairness and reasonableness of the procedure used to calculate payment of individual claims. *See Manual for Complex Litigation* (Fourth) § 21.62 (2008).

1. <u>The Strength of the Plaintiff's Case</u>

Plaintiff appears to have a strong case. From the outset of this lawsuit, there has been no dispute that Defendants charged Washington consumers fees in excess of those permitted by the Washington Debt Adjusting Act ("DAA"). For all practical purposes, the only contested issue has been whether Defendants, as licensed attorneys, are subject to the DAA's statutory fee restrictions or whether they qualify for the so-called "attorney exemption." *See* RCW 18.28.010(2)(a). The Court resolved this issue in Plaintiff's favor on June 15, 2012, ruling that Defendants do not qualify for the attorney exemption because they were not engaged in debt adjusting "solely incidental to" the practice of law. ECF No. 153 at 9-18. That ruling effectively established Defendants' liability under the DAA

and the Washington Consumer Protection Act ("CPA"), leaving only the issue of damages to be resolved.

Plaintiff's position is further strengthened by this Court's rulings in several related cases. Most notably, in Parkinson, *et al.* v. Freedom Fidelity Management, Inc., *et al.*, 10-CV-0345-TOR, the Court ruled that the appropriate measure of "actual damages" under the CPA for the type of claims at issue in this case is the amount of *all* fees paid to a debt adjuster rather than the amount of fees paid in excess of the statutory limits. Plaintiffs have reason to believe that the Court might make similar rulings in this case if the case were to proceed. In sum, Plaintiffs have a strong liability case and an equally strong damages position. This factor counsels against acceptance of the proposed settlement.

2. The Risk, Expense, Complexity and Likely Duration of Further Litigation

Further litigation of this case through trial and a potential appeal carries inherent risks. Plaintiffs run the risk that the Court's rulings might be reversed on appeal. With respect to the DAA's attorney exemption, Judge Shea previously observed in related litigation that "there is substantial ground for difference of opinion as to the interpretation of RCW 18.28.010(2)(a) as it applies to attorneys and their agents." Bronzich v. Persels & Associates, LLC, 10-CV-0364-TOR, ECF No. 154 at 2. Thus, there remains a possibility that an appellate court might construe the statute in Defendants' favor, thereby absolving them of liability.

Similarly, an appellate court might reach a different conclusion with respect to the measure of "actual damages" for based upon a violation of RCW 18.28.080. There are strong arguments to be made on both sides of this issue.

Conversely, Defendants face the possibility of an even worse outcome if the case proceeds. In addition to the liability and damages issues addressed above, Defendants must contend with the CPA's fee-shifting provisions. *See* RCW 19.86.090. In the event that the case continues and Plaintiffs prevail on their CPA claims at trial, Defendants would be assessed reasonable attorney's fees and costs. Based upon the fees and costs reportedly incurred by Plaintiffs to date, any such assessment could easily exceed $1 million.

Finally, litigating this case through trial and a potential appeal would be very expensive. If the case were to proceed to trial, class members would be required to prove—individually—that Defendants charged them fees in excess of the limits imposed by the DAA. They would also be required to draw a distinction between fees paid for debt adjusting services and fees paid for other services. These tasks would likely be very labor-intensive. In view of the foregoing considerations, the Court finds that the risks and costs attendant to continued litigation weigh very strongly in favor of the proposed settlement.

3. <u>The Risk of Maintaining Class Action Status</u>

Because this case has previously been certified as a class action, the only

risk attendant to maintaining class action status is that the Court might de-certify the class after being presented with additional evidence at trial. This possibility, however, is exceedingly remote. Accordingly, this factor weighs against acceptance of the proposed settlement.

4. The Amount Offered in Settlement

The proposed settlement requires Defendants to pay $1,155,000 in satisfaction of all claims that could potentially be asserted by the members of the class. Of this sum, an estimated $776,331.95 will be distributed directly to class members. Counsel indicate that the distribution of these funds will result in each member of the settlement class recovering approximately thirty percent of the total debt adjusting fees he or she paid to Defendants. According to class counsel, more than half of the 712 members of the settlement class will receive a payment in excess of $1,000. There is little question that the amount of recovery offered to class members under the settlement agreement is substantial. This factor weighs in favor of accepting the proposed settlement.

5. The Extent of Discovery Completed and the Stage of the Proceedings

The parties engaged in extensive discovery before reaching the proposed settlement. Both parties submitted a voluminous amount of materials in conjunction with Plaintiff's motion for class certification and Defendants' motion for summary judgment). The Court's review of these materials (as well as the

materials that have been submitted in Bronzich v. Persels & Associates litigation) indicates that the parties have diligently litigated their respective cases. In sum, there is no indication that the parties have neglected their duties to vigorously prosecute and defend this case. Accordingly, this factor weighs in favor of accepting the proposed settlement.

6. The Experience and Views of Counsel

This case has been ably prosecuted and defended by experienced litigators. Counsel have collectively indicated that the terms of the proposed settlement are fair, reasonable and adequate and are in the best interests of the settlement class as a whole, and their views are entitled to deference. This factor weighs in favor of the proposed settlement.

7. The Presence of a Governmental Participant

This factor is not applicable, as no governmental entity has challenged the proposed settlement after receiving notice.

8. The Reaction of Settlement Class Members

The parties indicated at the final fairness hearing that the reaction of settlement class members to the proposed settlement has been almost uniformly positive. Of the 893 members of the certified class, not one has objected to the proposed settlement. All but five of the class members received actual notice of the proposed settlement, and only one has requested to be excluded. These are

strong indicators that the class favors settlement over continued litigation. This factor weighs in favor of the proposed settlement.

9. Other Applicable Factors

There are three additional factors identified in the *Manual for Complex Litigation* which counsel strongly in favor of accepting the proposed settlement. First, the settlement was reached with the assistance of two experienced mediators over the course of two separate mediation sessions. The involvement of these mediators supports a finding that the settlement was reached through informed, arm's-length negotiations. There is no indication whatsoever that the settlement agreement was influenced by improper collusion among counsel.

Second, the specified award of $346,500 to class counsel appears to be reasonable. This award represents 30% of the total settlement payment of $1,155,00. The Court finds that class counsel's hours and billing rates are reasonable in view of the result achieved for their clients, the risks they faced in taking this case and preparing to litigate it through trial, and the complexity of the legal issues presented. In reaching this conclusion, the Court notes that class counsel's standard hourly rates are commensurate with rates which have previously been approved by this Court and by another judge in this District in four separate CPA class action cases involving violations of the DAA. *See* Parkinson v. Freedom Fidelity Management, Inc., 10-CV-0345-TOR (E.D. Wash.) at ECF No.

172; Carlsen v. Freedom Debt Relief, 09-CV-0055-LRS (E.D. Wash.) at ECF No. 195; Wheeler v. NoteWorld, 10-CV-0202-LRS (E.D. Wash.) at ECF No. 156; Carlsen v. Global Client Solutions, 09-CV-0246-LRS (E.D. Wash.) at ECF No. 219. These rates are also commensurate with those recently approved by the Court in the companion Bronzich v. Persels & Associates litigation. 10-CV-0364 at ECF No. 311. Class counsel's collective expenditure of approximately 1,340 hours on this case is also reasonable in view of the complexity of the issues involved.

Third, the proposed settlement guarantees that class members will be paid. As counsel for CLA noted at the hearing, the firm is currently in "wind-down mode" with respect to debt settlements and has not accepted any new clients since 2011. As a result, the firm's financial resources have been significantly depleted, and its ability to satisfy a potential judgment in excess of the proposed settlement is rather uncertain. Accepting the proposed settlement will eliminate this uncertainty and ensure that class members receive real recovery. This factor weighs strongly in favor of the proposed settlement.

Finally, the Court finds that the procedure used to calculate payment of individual claims is both fair and reasonable. The parties have agreed to reimburse class members according to the formula $(A \div B) \times C$, where "A" represents the total fees paid by the class member pursuant to his or her debt settlement contract with Defendants; "B" represents the aggregate total of all such fees paid by class

members; and "C" represents the amount remaining in the "common fund" after attorney's fees, costs, expenses, and stipends are deducted. Notably, this formula allows each class member to recover a share of the common fund in proportion to the fees which he or she actually paid to Defendants. Because the amount of fees paid by each class member varied widely, this formula for proportionate recovery is eminently reasonable. On balance, the foregoing factors weigh in favor of accepting the proposed settlement. Accordingly, the Court will grant Plaintiffs' motion for final approval.

**IT IS HEREBY ORDERED:**[1]

1. The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

---

[1] Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Toby J. Marshall in Support of Preliminary Approval (ECF. No. 198) and/or Plaintiffs' Motion for Preliminary Approval (ECF No. 197).

2. The Court finds that notice of the Settlement Agreement has been provided to the United States Attorney General and the Washington State Attorney General in accordance with 28 U.S.C. § 1715.

3. The Court finds it has personal and subject matter jurisdiction over all claims asserted in this Litigation with respect to all members of the Settlement Class.

4. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies for settlement purposes only the following Settlement Class: "All natural persons who entered into retainer agreements with Consumer Law Associates, LLC between April 18, 2007 and January 24, 2013, and who were residents of the State of Washington at the time of entering into such agreements."

5. In connection with this conditional certification, the Court makes the following findings:

(a) The Settlement Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

(c) Plaintiff's claims are typical of the claims being resolved through the proposed settlement;

(d) Plaintiff is capable of fairly and adequately protecting the interests of the Settlement Class members in connection with the proposed settlement;

(e) For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual Settlement Class members. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class members.

6. The Court has appointed Kenneth R. Brown and now the Estate of Kenneth R. Brown as representative of the Settlement Class. The Estate of Kenneth R. Brown shall act through its designated administrators, Steven James Brown, Scott Covey Brown, and Stacey Lee Camposagrado.

7. The Court has appointed Darrell W. Scott and Matthew J. Zuchetto of The Scott Law Group, P.S. and Toby J. Marshall of Terrell Marshall Daudt & Willie PLLC as counsel for the Settlement Class.

8. There have been no timely-filed objections to the Settlement. Indeed, even at the final approval hearing for which adequate notice was given to the class, no one lodged any objection.

9. The terms set forth in the Settlement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The Settlement Class is properly certified as part of this settlement. The relief provided to the Settlement Class under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and as a whole.

10. The Court approves the payment of $373,668.05 in fees and costs to Class Counsel as fair and reasonable based on the lodestar and percentage-of-the-fund methods, which courts use to determine the reasonableness of fees. The Court reaches this conclusion after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates; (2) the substantial financial recovery for Settlement Class members (3) the diligent and efficient effort utilized by Class Counsel in litigating Plaintiff's claims; (4) Class Counsel's substantial experience in complex litigation and skill utilized to achieve the Settlement; and (5) the hurdles to certifying the Settlement Class and proving liability and damages at trial.

11. The Court approves the incentive payment of $5,000 to Plaintiff Estate of Kenneth R. Brown. This incentive award is reasonable and does not undermine Plaintiff's adequacy as the Class Representative. Rather, this award reasonably compensates Plaintiff for the time and effort that Mr. Brown expended in serving as class representative, assisting in the investigation, participating in and keeping abreast of the litigation, and reviewing and approving the proposed settlement terms after consulting with Class Counsel.

12. The Settlement is binding on all Settlement Class members.

13. Each member of the Settlement Class shall be entitled to receive a pro rata share of the Net Settlement Proceeds as set forth in the Settlement Agreement. Any Settlement Class Member who fails to cash or deposit a disbursement check issued to that member after a period of 120 calendar days has elapsed from the date on which the disbursement check was issued will not receive a share of relevant Net Settlement Proceeds but will be bound nevertheless by the terms of the relevant Settlement Agreement.

14. All Settlement Class Members are bound by the terms of the Settlement Agreement. As of that Settlement Agreement's Effective Date, all Settlement Class Members shall conclusively be deemed to have irrevocably released, relinquished, and forever discharged all claims against all released entities and individuals as set forth in the Settlement Agreement. The Settlement

Agreement provides: "Upon the Effective Date of this Agreement and without any further action by the Court or by any Party to this Agreement, Representative Plaintiff and the members of the Class and all of their spouses, former spouses, administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors and successors, for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall in fact, have fully remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against the Released Persons." The Settlement Agreement further provides that Release Claims "shall mean and include a full release by Representative Plaintiff and each Class Member as to all Release Persons (as defined further in ¶ 1) of any and all claims against all Defendants that were or could have been brought in this Action, including a release for theories of breach of fiduciary duty, violation of Washington's Debt Adjustment Act, RCW 18.28, *et seq.*, negligence, violation of Washington's Consumer Protection Act, RCW 19.86, *et seq.*, negligence, damage to credit, and any other claim in contract, law, equity or other theory of recovery based on facts known or unknown."

15. As of the Effective Date, all Settlement Class Members agree "not to institute, be represented in, participate in, submit, file, or permit to be filed on their behalf, any lawsuit, arbitration, charge, claim, complaint, or other proceeding in

which a Released Claim is asserted. In the event that Representative Plaintiff or any Class Member institutes or is a party to any such action, the claim shall be immediately dismissed with prejudice upon presentation of [the] Settlement Agreement."

16. Neither this Order nor any aspect of the Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants, who specifically deny liability. Each of the Parties to the settlement entered into the Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

17. Pursuant to the Settlement Agreement, Plaintiff shall file a Stipulation of Dismissal with Prejudice as to Defendants within thirty (30) days after the Effective Date of the Settlement Agreement. The Court will then dismiss this action with prejudice as to all Settlement Class members except those who have timely and properly excluded themselves from the Settlement Class.

18. Individuals who have timely and properly excluded themselves from the Class and are thus not bound by this Judgment are: VERA RYBALKINA only.

19. The entry of this order and any subsequent dismissal is without prejudice to the rights of the Parties to enforce the terms of the Settlement Agreement and the rights of Class Counsel to seek the payment of fees and costs as

provided for in the Settlement Agreement. The Court intends to retain jurisdiction over this case to resolve future disputes between the parties that may arise from the implementation of the Settlement Agreement. The Court will enter an order to that effect upon receipt of the parties' Stipulation of Dismissal.

20. Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 210) is **GRANTED**.

21. Plaintiff's Motion to Substitute (ECF No. 219) is **GRANTED**. The Estate of Kenneth R. Brown is hereby **SUBSTITUTED** as a party-plaintiff for Plaintiff Kenneth R. Brown. The Clerk of Court shall amend the case caption accordingly.

22. Plaintiff's Motion to Expedite Motion to Substitute (ECF No. 218) is **GRANTED**.

23. The jury trial set for June 3, 2013, at 1:00 p.m. is **STRICKEN**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** May 23, 2013.




THOMAS O. RICE
United States District Judge